CRAIG J. MARIAM  (SBN: 11061)
cmariam@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
999 W. Main Street, #100
Boise, ID 83702
Telephone:  (208) 489-9095
Facsimile:  (877) 306-0043

Attorneys for Plaintiff
KOCHAVA, INC.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
## NORTHERN (COEUR D'ALENE) DIVISION

| | |
|---|---|
| KOCHAVA INC., | ) Case No. 2:22-cv-00349 |
| Plaintiff, | ) **COMPLAINT** |
| FEDERAL TRADE COMMISSION, | ) |
| Defendant. | ) |

### OVERVIEW OF THIS ACTION

Plaintiff Kochava Inc. ("Kochava"), in support of its instant Complaint against the Federal Trade Commission ("FTC"), asserts as follows:

1. This action is ripe, and does not run afoul of the Administrative Procedure Act ("APA") because (1) there is no further administrative adjudication rendering the APA inapposite as this matter arises under Article III given there is an existing "case or controversy" with injury in fact, (2) the threatened action against Kochava and further described herein invokes judicial as opposed to administrative process, and (3) this case involves significant and material questions of law arising under the United States Constitution that must be addressed regardless of and distinct from any analysis of the *merits* of the underlying dispute.  The APA

itself is not an independent grant of jurisdiction in any event, and thus is not a basis to confer jurisdiction. The APA is inapplicable.

2. There exists an actual case or controversy by and between the parties to this matter, rendering Article III jurisdiction appropriate. Constitutional questions are at issue, including whether it is appropriate in the first instance for a court to defer to agency interpretations of ambiguous laws, or whether the nondelegation and major questions doctrines prevent the FTC from adjudicating this matter administratively at all.

3. To be sure, the FTC is not in this instance prescribing administrative rules and regulations allowing reasonable variations, tolerances and exemptions; rather, the FTC is wrongly attempting to create (not interpret) law that only the legislative power of Congress may adopt. Thus, *FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232 (1980) is also inapplicable here.

4. This case appears to raise similar issues as those in *Axon Enterprise, Inc. v. Federal Trade Commission, et al*., set for argument on November 7, 2022 (Dkt. 21-86), in the United States Supreme Court. Indeed, the question presented, there, will have a direct impact on the propriety of a portion of the instant matter:

> **"Whether Congress impliedly stripped federal district courts of jurisdiction over constitutional challenges to the Federal Trade Commission's structure, procedures, and existence by granting the courts of appeals jurisdiction to "affirm, enforce, modify, or set aside" the Commission's cease-and-desist orders."**

5. As is the case in *Axon*, this matter seeks, *inter alia,* a determination as to whether the FTC's structure violates Article II of the Constitution by providing improper insulation from the president, and whether Kochava's due process rights would be violated through any

administrative proceeding that could take years, inflicting irreparable and significant harm upon Kochava, rendering any post hoc review of any administrative decision, if any at all, meaningless.

## I.   THE PARTIES

### Plaintiff Kochava

6. Plaintiff Kochava is a Delaware corporation with its corporate headquarters at 201 Church Street, Sandpoint, Idaho 83864. Kochava transacts or has transacted business in this District.

7. Kochava operates two business units, which offer digital marketing and analytics services. It's primary business unit provides mobile advertising attribution through a set of customizable software tools ("Software as a Service" aka "SAAS") that allow Kochava's customers to obtain various data points and analytics for the customers' digital marketing campaigns and applications. Specifically, Kochava develops a set of software tools and programs that device application ("app") developers can use to measure, track, organize, and visualize mobile app data for their marketing campaigns across marketing channels and partners. Kochava's secondary business unit, the Kochava Collective ("Collective"), is an aggregator of third-party provided mobile device data, which Kochava makes available through its proprietary data marketplace.

### Defendant Federal Trade Commission

8. Defendant FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. §45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.

9. Section 5(a) of the FTC Act, 15 U.S.C. §45(a), purports to grant to the FTC authority to pursue targets for "unfair" or "deceptive" acts or practices in or affecting commerce:

> (a) Declaration of unlawfulness; power to prohibit unfair practices; inapplicability to foreign trade
>
> (1) Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful.
>
> ***
>
> (4) (A) For purposes of subsection (a), the term "unfair or deceptive acts or practices" includes such acts or practices involving foreign commerce that—
> (i) cause or are likely to cause reasonably foreseeable injury within the United States; or (ii) involve material conduct occurring within the United States.
> (B) All remedies available to the Commission with respect to unfair and deceptive acts or practices shall be available for acts and practices described in this paragraph, including restitution to domestic or foreign victims.[1]

## II.   JURISDICTION AND VENUE

10. This action arises under the Section 5(a) of the FTC Act, 15 U.S.C. §45(a), and the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § §1331 and 1137(a). Plaintiff's claims are based upon, and seeks judicial interpretation of, 15 U.S.C. §45(a).

---

[1] 15 U.S.C. §45(a).

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because Kochava does business in this District and because a substantial part of the events or omissions giving rise to the claim occurred within this District.

12. This Court has jurisdiction to issue a declaratory judgment pursuant to the Federal Rule of Civil Procedure, Rule 57 and 28 U.S.C. § 2201.

### III.   BACKGROUND AND FACTUAL ALLEGATIONS

13. In *Axon*, Axon Enterprise manufactured Tasers and police-worn body cameras. In May 2018, Axon purchased its competitor in the body camera market, Vievu LLC, for $13 million. The FTC began an antitrust investigation into Axon. The company offered to settle, but the FTC declined. In January 2020, Axon filed a lawsuit in the United States District Court for the District of Arizona, challenging the constitutionality of the FTC's structure. The district court dismissed the case, holding that federal law stripped it of jurisdiction to consider constitutional claims against the FTC while proceedings were underway. The United States Court of Appeals for the Ninth Circuit affirmed the district court's ruling. Axon Enterprise then filed a petition for a writ of certiorari with the United States Supreme Court which was subsequently granted.

14. Axon argues that the FTC acts as "prosecutor, judge and jury" in violation of the U.S. Constitution's Fifth Amendment guarantees of due process and equal protection under the law. Axon also challenged the authority of any FTC administrative law judges, asserting that their job protections unlawfully place them outside the president's power to control executive branch officers under the Constitution's Article II.

15. Here, similar to *Axon*, the FTC has threatened to file an action challenging Kochava's business of offering digital marketing and analytics services, though it apparently first intends to seek injunctive relief in the United States District Court (rendering this instant matter

ripe on the merits as well as the Constitutional questions raised herein). The entry of injunctive relief (or even the prospect of same) is injury in fact within the meaning of Article III.

16. In or about July and August 2022, the FTC sent to Kochava a Proposed Complaint for Permanent Injunction and Other Relief which wrongfully alleges Kochava is in violation of or about to violate Section 5(a) of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §45(a), that prohibits "unfair or deceptive acts or practices in or affecting commerce." According to the FTC, acts or practices are unfair under Section 5 of the FTCA if they cause or are likely to cause substantial injury to consumers that consumers cannot reasonably avoid themselves and that is not outweighed by countervailing benefits to consumers or competition. 15 U.S.C. § 45(n).

17. In its Proposed Complaint, the FTC alleges (and Kochava denies) that, as part of Kochava's Collective services, customers can "[l]icense premium data" including the "precision location" of a consumer's mobile device. The FTC alleges that the Kochava Collective collects a wealth of information about consumers and their mobile devices, by, among other means, purchasing data from other data brokers to sell to its own customers. The FTC further alleges that the Kochava Collective sells timestamped latitude and longitude coordinates showing the location of mobile devices.

18. The FTC alleges (and Kochava denies) that the Kochava Collective's data can be used to identify people and track them to sensitive locations. Specifically, the FTC claims that the Kochava Collective's precise geolocation data is associated with MAIDs and this combination make it possible to track consumers to sensitive locations, such as therapists' offices, addiction recovery centers, medical facilities, and women's reproductive health clinics. The FTC also claims that because each set of coordinates is time-stamped, it is also possible to

identify when a mobile device visited the location. The FTC further (wrongly) claims that Kochava employs no technical controls to prohibit its customers from identifying consumers or tracking them to sensitive locations. In the FTC's Proposed Complaint, it seeks a permanent injunction to prevent future violations of the FTCA. However, the FTC still has yet to issue any rule or statement with legal force and effect describing the specific geolocation data practices it believes Section 5 prohibits or permits.

19. The FTC's allegations regarding Kochava's alleged business practices illustrate a lack of understanding of Kochava's services. As part of its Collective services, Kochava does not uniquely identify users, but collects Mobile Advertising Identifier (MAID) information and links it to hashed emails and primary IP addresses in relation to Kochava's Data Marketplace. Although the Kochava Collective collects latitude and longitude, IP address and MAID associated with a consumer's device, Kochava does not receive these data elements until days after (unlike a GPS tool, for instance), Kochava does not identify the location associated with latitude and longitude, nor does Kochava identify the consumer associated with the MAID. As such, Kochava does not collect, then subsequently sell data compilation that allows one to track a specific individual to a specific location. Even if an injury to the consumer did indeed occur, it is reasonably avoidable by the consumer themselves by way the opt-out provision to allow the data collection. In other words, the consumer agreed to share its location data with an app developer. As such, the consumer should reasonably expect that this data will contain the consumer's locations, even locations which the consumer deems is sensitive. Prior to the data collection, a disclaimer or a warning was also provided to a consumer regarding collection of data from all locations, including sensitive ones.

///

20. Should the consumer opt-in to share information, it allows for healthy competition and to better serve the consumers' needs and interest. The commercial benefit is that products and services can be offered to a targeted audience at a competitive price, rather than blasting such offers to a disinterested, wider audience.

21. Because the structure of the FTC Act suggests that Congress impliedly barred jurisdiction in district court and requires parties to move forward first in the FTC's administrative enforcement proceedings before being allowed to present its constitutional challenges to a federal court of appeals after the administrative proceeding, Kochava will be mired in years of protracted litigation before having its constitutional challenges heard in a court of appeals (and this after having to apparently litigate the issue of injunctive relief in federal court anyway).

22. A declaratory judgment is necessary from this Court to make a determination as to whether the FTC's structure violates Article II by providing improper insulation from the president, and whether Kochava's due process rights would be violated through the means described herein.

### The FTC Act's Factors And Procedure To Determine Unfairness

23. The FTC has itself identified three factors that it purportedly considers when applying the prohibition against consumer unfairness in its December 17, 1980 "FTC Policy Statement on Unfairness" which are "(1) whether the practice injures consumers; (2) whether it violates established public policy; (3) whether it is unethical or unscrupulous." Since then, the Commission has continued to refine the purported standard of unfairness in its cases and rules, and it has now reached a more detailed sense of both the definition and the limits of these criteria. The FTC later went on to codify "unfair… acts or practices" as "[a]n act or practice is

unfair if it causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition." [2]

24.     Section 5(b) of the FTC Act sets forth the proper procedure which the FTC is to follow should it "have reason to believe that any such person, partnership, or corporation has been or is using any unfair method of competition or unfair or deceptive act or practice in or affecting commerce". 15 U.S.C. §45(b).

25.     The remedial options available in FTC Act administrative proceedings – consent decrees and cease and desist orders – evidence the statutory emphasis on protecting consumers by stopping unfair practices and securing compliance with the law.

**Kochava Introduces Privacy-First Approach To Block Health Services From The Kochava Collective Marketplace**

26.     On August 10, 2022, Kochava, announced a capability for its Kochava Collective marketplace. [3] The Kochava Collective is an independent data marketplace for connected mobile devices.

27.     The new capability is a "Privacy Block" which removes health services location data from the Kochava Collective marketplace. Privacy Block aggregates health services locations which have been identified by a broad range of industry partners into a unified, super-set definition of health services locations. Privacy Block bolsters consumer privacy by leveraging multiple vendor location definitions for what each vendor determines is a health services location, and blocks the onward transfer of this data. Kochava invited data brokers and

---

[2] 15 U.S.C. §45(n).
[3] *See* August 10, 2022 press release, "Kochava Announces New Privacy-First Health Data Solution to the Market," available at https://www.businesswire.com/news/home/20220810005806/en/Kochava-Announces-New-Privacy-First-Health-Data-Solution-to-the-Market.

adtech industry vendors to register to participate with Privacy Block and contribute to the database. In addition, those in the health services sector were invited to register to block their location directly in Privacy Block. Even if consumers previously consented to share their location data, Privacy Block blocks the sharing of health services locations.

28. Declaratory judgment is necessary to determine whether Section 13(b) of the FTC Act, 15 U.S.C. §53(b) only authorizes the FTC to seek injunctive relief if and when the target is "is violating, or is about to violate, any provision of law enforced by the Federal Trade Commission" and does not authorize the FTC to seek injunctive relief for past conduct that has ceased absent evidence that it is likely to recur. Kochava additionally seeks a declaration that its practice of data collection, specifically of latitude and longitude, IP address and MAID associated with a consumer's device is not an "unfair… act or practice" within the meaning of Section 5 of 15 U.S.C. §45(a).

## IV.     CLAIMS

### COUNT I – DECLARATORY JUDGMENT

29. Plaintiff hereby incorporates the allegations set forth above, all of which are fully re-alleged here.

30. Pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201(a) and 2202, Plaintiff requests that the Court enter a judgment construing the provisions of the FTC Act and declaring and clarifying the rights and obligations of the parties under the FTC Act as they effect Plaintiff's services and operations, more specifically identified below.

31. There is in fact a live case or controversy between the parties. This is a situation that is ongoing, but even if temporarily stopped is capable of repetition, but evading review.

32. Plaintiff and Defendant have fundamental disagreements regarding the existence, interpretation and application of several provisions of the FTC Act. Declarations from this court would resolve this controversy and provide the parties with certainty regarding their legal rights and obligations related to the same.

33. Plaintiffs thus asks that the Court declare the following:

   i. That the FTC's structure violates Article II by providing improper insulation from the president, and Kochava's due process rights would be violated through any administrative proceeding.

   ii. Section 13(b) of the FTC Act, 15 U.S.C. §53(b) only authorizes the FTC to seek injunctive relief if and when the target is "is violating, or is about to violate, any provision of law enforced by the Federal Trade Commission" and does not authorize the FTC to seek injunctive relief for past conduct that has ceased absent evidence that it is likely to recur.

   iii. Kochava's practice of data collection, specifically of latitude and longitude, IP address and MAID information associated with a consumer's device is not an "unfair… act or practice" within the meaning of Section 5 of 15 U.S.C. §45(a).

## COUNT II – INJUNCTIVE RELIEF

34. Plaintiff hereby incorporates the allegations set forth above, all of which are fully re-alleged here.

35. Plaintiff respectfully requests that this Court, for the reasons stated herein, enjoin and restrain the FTC from its wrongful and harmful efforts to enforce a preliminary and permanent injunction against Kochava for alleged violations of the FTC Act.

36. Plaintiff further respectfully requests that a preliminary injunction issue and, that upon final hearing, this Court enter declaratory judgment that:

   i. That the FTC's structure violates Article II by providing improper insulation from the president, and Kochava's due process rights would be violated through any administrative proceeding.

    ii. Section 13(b) of the FTC Act, 15 U.S.C. §53(b) only authorizes the FTC to seek injunctive relief if and when the target is "is violating, or is about to violate, any provision of law enforced by the Federal Trade Commission" and does not authorize the FTC to seek injunctive relief for past conduct that has ceased absent evidence that it is likely to recur.

    iii. Kochava's practice of data collection, specifically of latitude and longitude, IP address and MAID information associated with a consumer's device is not an "unfair… act or practice" within the meaning of Section 5 of 15 U.S.C. §45(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter declaratory judgment that:

    A.    That the FTC's structure violates Article II by providing improper insulation from the president, and Kochava's due process rights would be violated through any administrative proceeding.

    B.    Section 13(b) of the FTC Act, 15 U.S.C. §53(b) only authorizes the FTC to seek injunctive relief if and when the target is "is violating, or is about to violate, any provision of law enforced by the Federal Trade Commission" and does not authorize the FTC to seek injunctive relief for past conduct that has ceased absent evidence that it is likely to recur.

    C    Kochava's practice of data collection, specifically of latitude and longitude, IP address and MAID information associated with a consumer's device is not an "unfair… act or practice" within the meaning of Section 5 of 15 U.S.C. §45(a).

    D.    For attorneys' fees and costs, if appropriate;

/ / /

E.       For all other relief that Court deems just and proper.

Dated: August 12, 2022                            Respectfully submitted,

By:  */s/ Craig J. Mariam*
Craig J. Mariam
GORDON REES SCULLY MANSUKHANI, LLP
999 W. Main Street, Suite 100
Boise, ID 83702
(208) 489-9095
*cmariam@grsm.com*

**Attorneys for Plaintiff Kochava Inc.**