James W. Harlow, Maryland Bar (no number issued)
Senior Trial Attorney
Consumer Protection Branch, Civil Division
U.S. Department of Justice
PO Box 386
Washington, DC 20044-0386
(202) 514-6786
james.w.harlow@usdoj.gov

M. Andrew Zee, California Bar No. 272510
Kate Talmor, Maryland Bar (no number issued)
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
450 Golden Gate Avenue
San Francisco, CA 94102
(415) 436-6646 (Zee)
(202) 616-8351 (Talmor)
m.andrew.zee@usdoj.gov
kate.talmor@usdoj.gov

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| Kochava Inc.,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>Federal Trade Commission,<br><br>　　　　　　　　　Defendant. | Case No. 2:22-cv-00349-BLW<br><br>**Memorandum in Support of Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim** |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

BACKGROUND ......................................................................................................................... 2

LEGAL STANDARD ................................................................................................................... 3

ARGUMENT .............................................................................................................................. 4

    I.    Kochava has not plausibly alleged standing ................................................................ 4

    II.    Even if Kochava has standing, the Complaint must nonetheless be dismissed ..... 6

        A.    Kochava has failed to identify any cause of action .............................................. 6

        B.    The preemptive relief requested in the Complaint is inappropriate ................ 7

        C.    Any intended constitutional challenge to the FTC's structure fails ................ 12

CONCLUSION ......................................................................................................................... 14

**INTRODUCTION**

In August 2022, the Federal Trade Commission ("FTC") informed Kochava Inc. ("Kochava"), a data analytics and marketing firm, that it was the target of a potential civil enforcement action. Kochava responded by racing to the courthouse and suing the FTC. But in its haste, the company filed a complaint that does not satisfy threshold jurisdictional and pleading requirements. And Kochava's tactic of filing suit in an attempt to beat the government to the punch is, in any event, disfavored. Its Complaint should be dismissed for at least three reasons.

*First*, Kochava fails to plausibly allege standing. The Complaint contains nothing more than a barebones, conclusory statement of unspecified injury. That is facially insufficient to establish the requisite concrete and actual injury in fact, or an imminent threat of one.

*Second*, the Complaint invokes no cause of action. Even had Kochava properly asserted a cause of action, this case embodies the disfavored tactic of a declaratory suit that seeks to preempt a forthcoming enforcement action. Recognizing the judicially disfavored nature of that strategy, courts regularly dismiss such preemptive suits in favor of hearing the case filed by the government, the natural plaintiff. Thus, at bottom, Kochava is not entitled to the declaratory or injunctive relief requested here because all underlying issues will be resolved in the FTC's pending enforcement action (which also is before this Court).

*Third*, Kochava's constitutional argument is not even potentially viable. Its assertion that statutory removal restrictions for FTC administrative law judges violate Article II is irrelevant because Kochava does not even allege that it is subject to any administrative proceeding, much less one pending before an ALJ. Just the opposite is true; the Complaint contemplated that the FTC would file an enforcement action in federal court (and that is what has happened). Kochava's preemptive suit should be dismissed.

## BACKGROUND

Kochava is an Idaho-based "digital marketing and analytics services" firm. Compl., Dkt. 1, at ¶ 7. Among other services, Kochava aggregates "third-party provided mobile device data," *id.*, including the "latitude, longitude, IP address and [Mobile Advertising Identifier] associated with a consumer's device," *id.* ¶ 19. The company links this information to "emails and primary IP addresses" in its "Data Marketplace." *Id.* Kochava then sells the data. *Id.* ¶ 7.

The FTC began investigating Kochava's business under the agency's "continuing duty to prevent . . . unfair or deceptive acts or practices in commerce." *United States v. Morton Salt Co.*, 338 U.S. 632, 639 (1950); *see* 15 U.S.C. § 45(a)(2). Around "July and August 2022, the FTC sent to Kochava a Proposed Complaint for Permanent Injunction and Other Relief." Compl. ¶ 16. The FTC's Proposed Complaint alleged that the company's data aggregation and marketing services constituted unfair or deceptive acts or practices prohibited by 15 U.S.C. § 45(a). Compl. ¶¶ 15–18. As Kochava acknowledged, the FTC drafted the Proposed Complaint for filing "in the United States District Court," *id.* ¶ 15, rather than to commence an administrative proceeding before the Commission. *Compare* 15 U.S.C. § 53(b) (authorizing injunctive suits by the FTC in district court), *with id.* § 45(b) (authorizing the FTC to commence administrative proceedings).

Days later, on August 12, 2022, Kochava raced to court and filed this action "under . . . Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202." Compl. ¶ 10. Kochava sought to enjoin *the FTC* from seeking injunctive relief against the company for violations of the FTC Act. *Id.* ¶ 35. It also requested declaratory judgments that "the FTC's structure violates Article II by providing improper insulation from the president," that recited the standard for the FTC to seek injunctive relief under 15 U.S.C. § 53(b), and that the company's business was "not an 'unfair . . . act or practice.'" *Id.* ¶¶ 33, 36.

A couple of weeks later, on August 29, 2022, the FTC filed the anticipated enforcement action in this Court ("the Enforcement Action"). Compl., Dkt. 1, *FTC v. Kochava Inc.*, No. 2:22-cv-00377-BLW (D. Idaho Aug. 29, 2022). Kochava subsequently moved to dismiss the Enforcement Action, raising legal issues that tracked its Complaint's concerns about Article II, the FTC Act's standard for injunctive relief, and the adequacy of the FTC's claim of a prohibited business act or practice. *See* Def.'s Mot. to Dismiss, Dkt. 7, *FTC v. Kochava Inc.*, No. 2:22-cv-00377-BLW (D. Idaho Oct. 28, 2022). The FTC responded, Kochava replied, and a hearing is set for February 21, 2023. *See* Dkt. 11–13, *FTC v. Kochava Inc.*, No. 2:22-cv-00377-BLW (D. Idaho Nov. 18, 2022).

In this case, Kochava served the United States Attorney on November 4, 2022, *see* ECF No. 6, and the FTC now timely moves to dismiss Kochava's preemptive suit under Federal Rule of Civil Procedure 12(b)(1) and (b)(6), *see* Fed. R. Civ. P. 12(a)(2).

## LEGAL STANDARD

Kochava bears "the burden of establishing" the Court's subject-matter jurisdiction. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). In this Rule 12(b)(1) facial attack on jurisdiction, the Court looks to the Complaint and "determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020); *see Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If they are not, the case must be dismissed. Fed. R. Civ. P. 12(h)(3).

Additionally, Kochava's Complaint must "state[] a plausible claim for relief" to "survive[] a motion to dismiss" under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Similarly, a claim that fails as a matter of law "must be dismissed, without regard to whether it is based on an outlandish legal

theory or on a close but ultimately unavailing one." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

## ARGUMENT

### I. Kochava has not plausibly alleged standing

"As the party invoking federal jurisdiction," Kochava "bear[s] the burden of demonstrating . . . standing." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2207 (2021). At this stage, the company "must plausibly plead facts to establish the following 'three elements': (1) that [it] 'suffered an injury in fact,' (2) that there is 'a causal connection between the injury and the conduct complained of,' and (3) that it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1173 (9th Cir. 2018) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). However, Kochava fails to demonstrate an "injury in fact, the '[f]irst and foremost' of standing's three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–39 (2016) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998)).

"To establish injury in fact," Kochava "must show that [it] suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560). The Complaint references injury in fact only once. It alleges that "[t]he entry of injunctive relief (or even the prospect of the same) is injury in fact within the meaning of Article III." Compl. ¶ 15. But looking to "the facts as they exist[ed] when the complaint [wa]s filed," *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989), no court had enjoined Kochava, and indeed no suit had then been filed; the company merely feared that the FTC might file a lawsuit, *see* Compl. ¶ 16.

As for "the prospect" of a federal court enjoining Kochava, *id.* ¶ 15, any "threatened injury" must be "certainly impending" or, at least, there must be "a 'substantial risk'

4

that the harm will occur." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 & 414 n.5 (2013). Yet the Complaint is devoid of any "concrete facts" about the likelihood of that injury, which would turn on *both* the FTC's decision to file suit *and* a federal court's independent determinations about the merits of the FTC's claims and the need for injunctive relief. *Id.* at 409; *see Spokeo*, 578 U.S. at 338 ("[A]t the pleading stage, the plaintiff must clearly allege facts demonstrating each element.") (cleaned up). That omission is fatal because courts are "reluctant to endorse standing theories that require guesswork as to how independent decisionmakers will exercise their judgment." *Clapper*, 568 U.S. at 413. Like in *Clapper*, Kochava "can only speculate as to whether that court will authorize" an injunction against the company, let alone what the terms of that hypothetical future injunction might be. *Id.* And speculation about a "possible future injury" from a hypothetical adverse ruling in an unfiled enforcement action is "not sufficient" for standing. *Id.* at 409; *see City of San Diego v. Monsanto Co.*, 334 F. Supp. 3d 1072, 1083 (S.D. Cal. 2018) (finding "threat that [company] may be found liable in this action" or another action "remains speculative" and "insufficient to establish an 'actual or imminent" injury); *cf. Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 783 (9th Cir. 2018) (rejecting plaintiff's "theory of 'exposure'" to future injury as "too speculative for Article III purposes") (internal quotation omitted).

Kochava also cannot conjure a cognizable injury out of the "prospect"—or risk—of an adverse court order. Bare risk "is utterly abstract—not concrete, direct, real, and palpable." *Pub. Citizen, Inc. v. Nat'l Highway Traffic Safety Admin.*, 489 F.3d 1279, 1297 (D.C. Cir. 2007) (Kavanaugh, J.). "[R]isk alone" is therefore "insufficient to confer standing." *Legacy Cmty. Health Servs., Inc. v. Smith*, 881 F.3d 358, 370 (5th Cir. 2018). Because Kochava has not plausibly alleged any "real harm" attached to the abstract prospect of an injunction, that theory of injury fails. *Spokeo*, 578 U.S. at 341.

Finally, the Complaint cursorily alleges that, if the FTC commenced an administrative enforcement proceeding, it "could take years, inflicting irreparable and

5

significant harm upon Kochava." Compl. ¶ 5. Again though, Kochava does not clearly allege any facts, as it must, about the nature of the purported harm, which by Kochava's own framing is merely something that "could" happen. *See Spokeo*, 578 U.S. at 338. Furthermore, the Complaint elsewhere concedes that the supposed cause of this unspecified future harm—an "administrative proceeding"—is not a possibility. Compl. ¶ 5. Kochava alleged that the FTC proposed "to seek injunctive relief in the United States District Court," *id.* ¶ 15, *not* commence an administrative proceeding, *see id.* ¶ 1 ("the threatened action against Kochava . . . invokes judicial as opposed to administrative process"). At bottom, Kochava has not "plausibly plead[ed] facts" to show its standing and the Complaint must be dismissed. *Dutta*, 895 F.3d at 1173.

## II. Even if Kochava has standing, the Complaint must nonetheless be dismissed

Even if Kochava had standing to sue, its preemptive suit nonetheless falters for three reasons and must be dismissed. First, the Complaint does not contain the most basic element of a lawsuit—invocation of any cause of action available to the company. Second, Kochava's active defense in the Enforcement Action precludes the Court from issuing declaratory or injunctive relief here. Rather, a long line of precedent dictates the dismissal of this preemptive suit. And third, Kochava has failed to properly plead a claim alleging the unconstitutionality of the FTC's structure.

### A. Kochava has failed to identify any cause of action

A plaintiff may sue in federal court only if some source of law grants it a cause of action. *See, e.g.*, *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Accordingly, those who "challenge an agency action in court," like Kochava, "must invoke some law creating and defining a right to seek judicial review." 33 Charles Alan Wright et al., *Federal Practice and Procedure* § 8301 (2d. ed. 2018). Absent a substantive cause of action, a court cannot grant declaratory relief. *See, e.g.*, *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) (per

6

curiam); *Hummel v. Nw. Tr. Servs., Inc.*, 180 F. Supp. 3d 798, 810 (W.D. Wash. 2016). The Complaint, however, does not invoke any cause of action that Kochava could assert.

The Complaint opens by disavowing any claim under the Administrative Procedure Act ("APA"). *See* Compl. ¶ 1 ("The APA is inapplicable.").[1] Instead, Kochava alleges that "[t]his action arises under . . . Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202." Compl. ¶ 10. Section 5(a) of the FTC Act "declare[s] unlawful" all "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce," and empowers "[t]he Commission" to prevent them. 15 U.S.C. § 45(a). The Ninth Circuit has long held that Section 5(a) does not provide a private right of action. *See Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981); *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973); *Sperling v. Stein Mart, Inc.*, 291 F. Supp. 3d 1076, 1087 (C.D. Cal. 2018). It is similarly well established that the Declaratory Judgment Act "is not an independent source of federal jurisdiction"; rather, it "presupposes the existence of a judicially remediable right." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960); *see, e.g., Fiedler*, 714 F.2d at 79. Because the Complaint, on its face, does not cite any applicable cause of action, the case should be dismissed. *Sandoval*, 532 U.S. at 286.

### B. The preemptive relief requested in the Complaint is inappropriate

Even if Kochava had identified a valid cause of action, the Complaint should nonetheless be dismissed because neither declaratory nor injunctive relief is appropriate here, *see* Compl. ¶¶ 33, 35–36; thus, no "relief can be granted," Fed. R. Civ. P. 12(b)(6). The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "has long been understood 'to confer on federal courts unique and substantial discretion in deciding whether to

---

[1] In any event, an APA claim based on a proposed or filed FTC lawsuit would be precluded by *FTC v. Standard Oil Co. of California*, 449 U.S. 232, 246 (1980), which held that the Commission's "issuance of a complaint averring" a violation of the FTC Act was "not 'final agency action' under . . . the APA." Under *Standard Oil*'s reasoning, the FTC's mere proposal to file a complaint *a fortiori* does not amount to final agency action.

declare the rights of litigants.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). "Consistent with the nonobligatory nature of the remedy," this Court "is authorized, in the sound exercise of its discretion, . . . to dismiss an action seeking a declaratory judgment" at any time. *Wilton*, 515 U.S. at 288. "[C]onsiderations of practicality and wise judicial administration" guide the dismissal of declaratory-judgment actions. *Id.*

Several considerations weigh heavily against Kochava's requested declaratory relief. *First*, a declaratory judgment should not be "sought merely for the purposes of procedural fencing or to obtain a '*res judicata*' advantage." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 n.5 (9th Cir. 1998) (quoting *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994) (Garth, J., concurring)). "Courts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff.'" *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004); *see, e.g.*, *Morgan Drexen, Inc. v. Consumer Fin. Prot. Bureau*, 785 F.3d 684, 697–98 (D.C. Cir. 2015). Such "anticipatory suit[s]" are dismissed, *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991), in order to deter "races to the courthouse," *AmSouth Bank*, 386 F.3d at 788; *see Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1193 (C.D. Cal. 2006).

Specifically with respect to the FTC, numerous courts have rejected attempts "to secure tactical leverage" by turning the agency from plaintiff into defendant. *POM Wonderful LLC v. FTC*, 894 F. Supp. 2d 40, 45 (D.D.C. 2012); *see, e.g.*, *Endo Pharms. Inc. v. FTC*, 345 F. Supp. 3d 554, 565 (E.D. Pa. 2018); *Swish Mktg., Inc. v. FTC*, 669 F. Supp. 2d 72, 78–79 (D.D.C. 2009); *see also FTC v. Am. Vehicle Prot. Corp.*, No. 22-CV-60298-RAR, 2022 WL 14638465, at *5–7 (S.D. Fla. Oct. 25, 2022). As the Supreme Court itself has cautioned, a potential target of FTC action cannot preemptively sue the agency and "turn[] prosecutor into defendant." *Standard Oil Co.*, 449 U.S. at 243. Kochava's lawsuit fits that mold. The company raced to court only days after learning about the FTC's proposed enforcement action. *See* Compl. ¶ 16; *see also Xoxide*, 448 F. Supp. 2d at 1192

8

("Anticipatory suits are found when the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent[.]") (quotation omitted). This procedural fencing "strongly counsels against exercising jurisdiction here," even if Kochava had a valid cause of action. *Swish Mktg.*, 669 F. Supp. 2d at 79; *see Morgan Drexen*, 785 F.3d at 698 (affirming district court's finding that company "engaged in procedural fencing" by suing agency during settlement discussions).

*Second*, in weighing a declaratory action, a court should strive to "avoid duplicative litigation." *Gov't Emps. Ins. Co.*, 133 F.3d at 1225; *Fern v. Turman*, 736 F.2d 1367, 1370 (9th Cir. 1984) (observing that whether "another action, involving substantially the same issue, is pending in a . . . federal court is a *potent* factor in discretionary refusal to assume jurisdiction") (quotation omitted) (emphasis added). "Where a pending coercive action, filed by the natural plaintiff, would encompass all the issues in the declaratory judgment action, the policy reasons underlying the creation of the extraordinary remedy of declaratory judgment are not present, and the use of that remedy is unjustified." *Swish Mktg.*, 669 F. Supp. 2d at 80. Relatedly, "[t]he anticipation of defenses is not ordinarily a proper use of the declaratory judgment procedure." *Morgan Drexen*, 785 F.3d at 697 (quotation omitted). Otherwise, a potential defendant in an enforcement action could "turn every case in which there is a defense into two cases." *Buntrock v. SEC*, 347 F.3d 995, 997 (7th Cir. 2003).

Only a few weeks after Kochava filed this suit, the FTC commenced the Enforcement Action, which is also before this Court. The Enforcement Action will resolve whether Kochava's data analytics and marketing practices violate the FTC Act. *Compare* Compl. ¶¶ 33(iii), 36(iii), *with* Compl., Dkt. 1, at ¶¶ 36–38, *FTC v. Kochava Inc.*, No. 2:22-cv-00377-BLW (D. Idaho Aug. 29, 2022). Also, Kochava's motion to dismiss the Enforcement Action presents the same issues referenced in its preemptive Complaint about Article II and the FTC Act's standard for injunctive relief, and for which it seeks

9

declaratory judgments here. *Compare* Compl. ¶¶ 33(i)–(ii), 36(i)–(ii), *with* Def.'s Mot. to Dismiss, Dkt. 7, at 8–9, 14–17, *FTC v. Kochava Inc.*, No. 2:22-cv-00377-BLW (D. Idaho Oct. 28, 2022).[2] Because Kochava preemptively requested declaratory relief on the same three issues that it has now raised as defenses in the Enforcement Action, the company's suit is "properly considered an anticipatory defense." *Swish Mktg.*, 669 F. Supp. 2d at 80. That provides "a *potent* factor" for "refus[ing] to assume jurisdiction." *Fern*, 736 F.2d at 1370 (quotation omitted) (emphasis added); *see Swish Mktg.*, 669 F. Supp. 2d at 80; *POM Wonderful*, 894 F. Supp. 2d at 44; *Endo Pharm.*, 345 F. Supp. 3d at 564.

*Third*, "the availability and relative convenience of other remedies" also weighs heavily against this Court's declaratory jurisdiction. *Gov't Emps. Ins. Co.*, 133 F.3d at 1225 n.5 (quoting *Am. States Ins. Co.*, 15 F.3d at 145 (Garth, J., concurring)). The pending Enforcement Action affords Kochava a "full opportunity to contest the legality of any prejudicial proceeding against" it. *FTC v. Claire Furnace Co.*, 274 U.S. 160, 174 (1927). Indeed, as noted above, Kochava has already briefed in the Enforcement Action the issues on which it seeks declaratory relief here. *See Swish Mktg.*, 669 F. Supp. 2d at 80 (noting that party "will be able to raise in the" FTC enforcement action "the same argument[] it has pursued in this action"). Thus, the pendency of the Enforcement Action ensures that a dismissal of this suit would not curtail Kochava's ability to present its arguments. Accordingly, Kochava's declaratory action disserves sound "judicial administration" and should be dismissed. *Wilton*, 515 U.S. at 288.

*Lastly*, Kochava asks for injunctive relief to prohibit the FTC from seeking an injunction against the company. Compl. ¶ 35. However, under "the basic doctrine of equity jurisprudence," "courts of equity should not act . . . when the moving party has

---

[2] Like its Complaint, Kochava's motion to dismiss also presents arguments about the nondelegation and major-questions doctrines. *Compare* Compl. ¶ 2, *with* Def.'s Mot. to Dismiss, Dkt. 7, at 17–19, *FTC v. Kochava Inc.*, No. 2:22-cv-00377-BLW (D. Idaho Oct. 28, 2022).

an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *O'Shea v. Littleton*, 414 U.S. 488, 499 (1974) (quoting *Younger v. Harris*, 401 U.S. 37, 43–44 (1971)); *see Confederated Tribes & Bands of Yakama Nation v. Yakima Cnty.*, 963 F.3d 982, 989 (9th Cir. 2020) ("To be entitled to a permanent injunction, a plaintiff must demonstrate," among other elements, "that it has suffered an irreparable injury" and "that remedies available at law are inadequate[.]") (quotation omitted).

The pending Enforcement Action affords Kochava an adequate remedy because the company may challenge (and has challenged) the FTC's ability to secure injunctive relief. *See Am. Vehicle Prot.*, 2022 WL 14638465, at *5 (observing that overlap between company's declaratory claims and arguments for dismissal of FTC enforcement action "demonstrat[e] that [company] has other adequate remedies in court"); *Am. Fin. Benefits Ctr. v. FTC*, No. 17-04817, 2018 WL 3203391, at *9 (N.D. Cal. May 29, 2018) (agreeing that FTC "civil enforcement action" is an "adequate remedy" because the relief "Plaintiffs seek—a ruling that the Companies are either not subject to or in compliance with the [regulation]—will be available in that action"); *cf. United States v. Elias*, 921 F.2d 870, 875 (9th Cir. 1990) (holding that "administrative forfeiture proceedings" provided "an adequate remedy at law" and thus precluded "equitable jurisdiction" over a motion for return of property); *Morgan Drexen, Inc. v. Consumer Fin. Prot. Bureau*, 979 F. Supp. 2d 104, 111–12 (D.D.C. 2013) (concluding that a motion to dismiss a "pending [civil] enforcement action" constitutes an "adequate remedy"). Furthermore, Kochava cannot show that it would suffer irreparable harm by having to defend itself in the Enforcement Action. At worst, the company would incur "litigation expense," which "does not constitute irreparable injury." *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974); *see Standard Oil Co.*, 449 U.S. at 244 (rejecting company's assertion that "the expense and disruption of defending itself in protracted adjudicatory proceedings constitutes irreparable harm").

Lacking any basis for the Court to award declaratory or injunctive relief, Kochava's suit should be dismissed because ultimately no "relief can be granted." Fed. R. Civ. P. 12(b)(6).

### C. Any intended constitutional challenge to the FTC's structure fails

Finally, any potential constitutional challenge to the FTC's structure rests on a faulty premise and lacks any link between the supposed constitutional infirmity and harm to Kochava. In its Complaint, Kochava "seeks . . . a determination as to whether the FTC's structure violates Article II of the Constitution by providing improper insulation from the president, and whether Kochava's due process rights would be violated through any administrative proceeding." Compl. ¶ 5. Even if Kochava had identified an available cause of action, the allegations must plausibly show the company's "entitlement to relief." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021). "The plausibility of a pleading," required under Federal Rule of Civil Procedure 8, "derives from its well-pleaded factual allegations." *Id.* However, after "removing conclusory statements of law from" Kochava's Complaint, *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 998 (9th Cir. 2014), it falls far short of any viable constitutional claim.

For starters, the Complaint's constitutional allegations arise from a basic misunderstanding. Kochava explicitly intended to parrot the claims of the plaintiff in *Axon Enterprise, Inc. v. FTC*, 986 F.3d 1173 (9th Cir. 2021), *cert. granted*, 142 S. Ct. 895 (Mem) (U.S. Jan. 24, 2022), a case which supposedly "raise[s] similar issues," Compl. ¶ 4; *see id.* ¶¶ 5, 13–15. As did the plaintiff in *Axon Enterprise*, Kochava worries whether the statutory "job protections" of "FTC administrative law judges" place them "outside the president's power to control executive branch officers under the Constitution's Article II," and that its "due process rights would be violated through any administrative proceeding." *Compare id.* ¶¶ 5, 33(i), 36(i), *with id.* ¶ 14.

12

But there is a critical difference between this case and *Axon Enterprise*. In the latter, the FTC had commenced an "administrative proceeding" (about an antitrust matter), which could involve a hearing before an ALJ, a Commission Order, and eventual review in the courts of appeals. *Axon Enter.*, 986 F.3d at 1176–77, 1180–81; *see* 15 U.S.C. § 45(c)–(d). Here, by contrast, Kochava admits that the threatened FTC action—which has since been filed in district court—"invokes judicial as opposed to administrative process." Compl. ¶ 1; *see id.* ¶ 15. So the Complaint contains no plausible allegation that Kochava might become party to an FTC "administrative proceeding" adjudicated by an FTC ALJ. *Id.* ¶ 5.

That omission precludes any cause of action for alleged violations of Article II or the Fifth Amendment's Due Process Clause (insofar as the Complaint might be read to have properly alleged any violation of that Clause). A claim challenging an allegedly unconstitutional removal restriction must "demonstrat[e] that the unconstitutional provision actually caused the plaintiff harm." *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1137 (9th Cir. 2021). Because the only potential action by the FTC referenced in the Complaint (a federal court lawsuit) would not involve an ALJ, Compl. ¶ 16, Kochava necessarily cannot show that is "*actually harmed*" by the statutory removal restrictions for FTC ALJs, *Kaufmann v. Kijakazi*, 32 F.4th 843, 849 (9th Cir. 2022).

Furthermore, this case does not implicate any due process concerns. Although Kochava notes that the FTC "acts as 'prosecutor, judge and jury'" in administrative proceedings, Compl. ¶ 14, "[t]he combination of investigative and judicial functions within an agency does not, of itself, violate due process," *United States v. Litton Indus., Inc.*, 462 F.2d 14, 16 (9th Cir. 1972) (citing *FTC v. Cement Institute*, 333 U.S. 683, 700-702 (1948)). The Complaint also alleges only a potential enforcement action in federal court, Compl. ¶ 15, which proceeding amply "satisfies the requirements of due process," *Ewing v. Mytinger & Casselberry*, 339 U.S. 594, 598 (1950). Thus, the Complaint contains no potentially plausible constitutional claim.

## CONCLUSION

For the foregoing reasons, the FTC's Motion to Dismiss should be granted, and Kochava's Complaint should be dismissed.

January 3, 2023

OF COUNSEL:

ANISHA S. DASGUPTA
General Counsel

JOEL MARCUS
Deputy General Counsel for Litigation
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC  20580

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

HILARY K. PERKINS
Assistant Director

/s/ James W. Harlow
JAMES W. HARLOW
Senior Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, DC  20044-0386
(202) 514-6786
james.w.harlow@usdoj.gov

CHRISTOPHER HALL
Assistant Director

/s/ M. Andrew Zee
M. ANDREW ZEE

/s/ Kate Talmor
KATE TALMOR
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
450 Golden Gate Avenue
San Francisco, CA 94102
(415) 436-6646 (Zee)
(202) 616-8351 (Talmor)
m.andrew.zee@usdoj.gov
kate.talmor@usdoj.gov