UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

KOCHAVA, INC.,

Plaintiff,

v.

FEDERAL TRADE COMMISSION,

Defendant.

Case No. 2:22-cv-00349-BLW

**MEMORANDUM DECISION
AND ORDER**

## INTRODUCTION

Kochava, Inc. is a data analytics company that sells mobile device geolocation data. In August of 2022, after learning that the Federal Trade Commission (FTC) planned to file a lawsuit against it under the Federal Trade Commission Act, Kochava promptly filed this action seeking declaratory and injunctive relief. As explained below, the Court declines to exercise jurisdiction under the Declaratory Judgment Act (DJA) and finds no cause of action to support Kochava's request for injunctive relief. The Court will therefore grant the FTC's Motion to Dismiss (Dkt. 12) and dismiss this case without leave to amend.

## BACKGROUND

Kochava, Inc. is a data analytics company that offers various digital marketing and analytics services. One service involves aggregating and selling

**MEMORANDUM DECISION AND ORDER - 1**

geolocation data obtained from mobile devices across the world. Kochava's customers, in turn, use that data primarily to analyze consumer trends and develop targeted marketing strategies.

In July or August of 2022, the Federal Trade Commission (FTC) informed Kochava of its intent to file a lawsuit for injunctive relief under Section 13(b) of the Federal Trade Commission Act. The FTC's proposed complaint, which it sent to Kochava, alleged that Kochava's practice of selling geolocation data with associated Mobile Device IDs (MAIDs) without restrictions near "sensitive locations" violated consumer privacy and therefore constituted an "unfair . . . act or practice" under Section 5(a) of the FTC Act.

On August 12, 2022, before the FTC had filed the enforcement action, Kochava filed its own complaint seeking declaratory and injunctive relief against the FTC. Dkt. 1. Specifically, Kochava asks the Court to declare that (1) the FTC's structure provides improper insulation from the president, (2) Section 13(b) of the FTC Act only authorizes the FTC to sue based on present practices, and (3) Kochava's data sales do not constitute an "unfair . . . act or practice" under Section 5(a) of the FTC Act. *Compl.* ¶ 33, Dkt. 1. Additionally, Kochava seeks an order enjoining the FTC's "efforts to enforce a preliminary or permanent injunction against Kochava for alleged violations of the FTC Act." *Id.* ¶ 35.

**MEMORANDUM DECISION AND ORDER - 2**

On August 29, 2022, seventeen days after Kochava brought this action, the FTC filed its complaint, as expected, seeking a permanent injunction barring Kochava from selling geolocation data and associated MAIDs without restrictions near "sensitive locations." Dkt. 1, Case No. 2:22-cv-00377-BLW.

Each party subsequently filed a motion to dismiss their opponent's complaint. First, in October of 2022, Kochava moved to dismiss the FTC's enforcement action, arguing that the FTC's structure violates the separation of powers, the FTC's complaint only challenges past practices, and, for several reasons, Kochava's data sales do not constitute "unfair . . . acts or practices." Dkt. 7-1, Case No. 2:22-cv-00377-BLW. Next, in January of 2023, the FTC moved to dismiss Kochava's preemptive lawsuit, arguing that Kochava lacks standing to sue, lacks a viable cause of action, and seeks inappropriate remedies considering the FTC's pending enforcement action. Dkt. 12.

Ultimately, the Court agrees that the remedies Kochava seeks are inappropriate in light of the FTC's pending enforcement action. The Court will therefore grant the FTC's motion and dismiss Kochava's Complaint without leave to amend.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to "state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]ismissal may be

based on either a lack of a cognizable legal theory or the absence of sufficient facts

alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*,

534 F.3d 1116, 1121 (9th Cir. 2008) (cleaned up).

## ANALYSIS

This preemptive lawsuit awkwardly raises issues that are squarely before the

Court in the FTC's separate enforcement action. The Court will therefore decline

Kochava's invitation to exercise jurisdiction under the Declaratory Judgment Act

(DJA). Additionally, Kochava has not identified any cause of action to support its

request for injunctive relief nor alleged that it lacks an adequate remedy at law.

The Court will therefore dismiss this case without leave to amend.[1]

### 1.    Declaratory Relief

The FTC asks the Court to decline jurisdiction over Kochava's requests for

declaratory relief. Kochava seeks three declarations from this Court: (1) that the

---

[1] The Court will not address every argument raised by the FTC. Regardless of whether Kochava adequately alleged injury in fact, identified a viable cause of action for declaratory relief, or raised plausible constitutional claims, the Court would dismiss Kochava's case for the reasons set forth in this Memorandum Decision and Order. Deciding only the issues necessary to dispose of the pending motion to dismiss, the Court leaves those alternative grounds for dismissal unresolved.

MEMORANDUM DECISION AND ORDER - 4

FTC's structure provides improper insulation from the president; (2) that Section 13(b) of the FTC Act only authorizes the FTC to bring lawsuits based on present practices; and (3) that Kochava's data sales do not constitute an "unfair . . . act or practice" under Section 5(a) of the FTC Act. *Compl.* ¶ 33, Dkt. 1.

The DJA authorizes courts to declare the rights of parties in order to resolve "case[s] of actual controversy." 28 U.S.C. § 2201(a). But the DJA "has long been understood 'to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)); *see also Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803 (9th Cir. 2002) ("[T]he district court . . . is in the best position to assess how judicial economy, comity and federalism are affected in a given case.").

In determining whether to exercise jurisdiction under the DJA, courts look to considerations of "practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. For example, courts ask whether exercising jurisdiction would "serve a useful purpose in clarifying the legal relations at issue," *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1107 (9th Cir. 2011), whether the declaratory action duplicates litigation, whether other convenient remedies are available to the plaintiff, and whether the declaratory action amounts to "procedural fencing." *Gov't. Emps. Ins.*

*Co. v. Dizol*, 133 F.3d 1220, 1225 n.5 (9th Cir. 1998); *see also Fern v. Turman*, 736 F.2d 1367, 1370 (9th Cir. 1984).

These practical considerations are especially relevant where, as here, one party races to the courthouse to file a preemptive declaratory action against an anticipated plaintiff. In such cases, when the natural plaintiff subsequently files a lawsuit that "would encompass all the issues in the declaratory judgment action, the policy reasons underlying the creation of the extraordinary remedy of declaratory judgment are not present, and the use of that remedy is unjustified." *AmSouth Bank v. Dale*, 386 F.3d 763, 787 (6th Cir. 2004); *see also BASF Corp. v. Symington*, 50 F.3d 555, 559 (8th Cir. 1995). In short, race-to-the-courthouse declaratory actions are generally disfavored because they often frame defenses as claims and, in doing so, force the parties and courts into an awkward cart-before-the-horse litigation posture.

This is a race-to-the-courthouse declaratory action. Kochava filed its Complaint less than a month after learning that the FTC planned to file its own lawsuit. Kochava itself acknowledges that it filed this lawsuit "*because of* the FTC's threatened litigation." *Pl.'s Resp.* at 14, Dkt. 13 (emphasis added). Moreover, rather than seeking any real affirmative declaratory relief, Kochava effectively asks the Court to pre-determine that the FTC's anticipated lawsuit

would fail. For example, Kochava asks the Court to declare that Section 13(b) of the FTC Act does not authorize the FTC to sue based on past conduct. But such a declaration only becomes relevant if the FTC actually brings a Section 13(b) suit against Kochava—a step the FTC had not yet taken at the time Kochava filed this declaratory action. In short, Kochava's action puts the cart before the horse by asking the Court to predetermine the strength of its defenses against an anticipated FTC enforcement action. [2]

Exercising jurisdiction over Kochava's preemptive lawsuit would not serve a useful purpose in resolving the underlying disputes between the parties. All arguments Kochava raises as claims in this lawsuit were also offered as defenses in Kochava's motion to dismiss the FTC's enforcement action. [3] The Court therefore

---

[2] In its response brief, Kochava highlights *MedImmune, Inc. v. Genentech, Inc.*, where the U.S. Supreme Court noted that "[t]he dilemma posed" by coercive government threats—"putting the challenger to the choice between abandoning his rights or risking prosecution—is 'a dilemma that it was the very purpose of the Declaratory Judgment Act to ameliorate.'" 549 U.S. at 129 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 152 (1967)). But Kochava does not face the kind of dilemma described in *MedImmune*. The FTC's enforcement action would not retrospectively hold Kochava criminally or civilly liable. Instead, the FTC seeks only prospective injunctive relief to prevent Kochava from *continuing* to sell one subset of geolocation data.

[3] The Court disagrees with Kochava's position that "the issues in the two suits do not overlap." *Pl.'s Resp.* at 14, Dkt. 13. Indeed, each requested declaration in this case mirrors an argument raised in Kochava's motion to dismiss the FTC's enforcement action.

First, Kochava asks for a declaration that its due process rights would be violated (Continued)

concludes that the FTC's enforcement action "will most fully serve the needs and convenience of the parties and provide a comprehensive solution of the general conflict." *Morgan Drexen, Inc. v. Consumer Fin. Prot. Bureau*, 785 F.3d 684, 697 (D.C. Cir. 2015) (quoting 10B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2758 (3d ed. 1998)).

Kochava cites *Basic Research, LLC v. F.T.C.* as an example of when a preemptive declaratory action against the FTC was allowed. 807 F. Supp.2d 1078 (D. Utah 2011). In that case, a federal district court denied the FTC's motion to dismiss a company's first-filed suit for declaratory and injunctive relief, despite the FTC's pending enforcement action against the company. *Id.* at 1081. There, however, the company's lawsuit was not merely an attempt to "interfere with the FTC's enforcement action." *Id.* at 1093. Instead, it was an effort to enforce the company's own contract rights under a consent decree against the FTC. *Id.* at

---

"through any administrative proceeding" by the FTC because "the FTC's structure violates Article II by providing improper insulation from the president." *Compl.* ¶ 33.i, Dkt. 1. Kochava made precisely the same argument—although leaving out the reference to "due process"—in its Motion to Dismiss. *Mot. to Dismiss* at 14–17, Dkt. 7-1, Case No. 2:22-cv-00377-BLW. Second, Kochava asks for a declaration that "Section 13(b) of the FTC Act . . . does not authorize the FTC to seek injunctive relief for past conduct that has ceased absent evidence that it is likely to recur." *Compl.* ¶ 33.ii, Dkt. 1. Again, Kochava's Motion to Dismiss features precisely the same argument. *Mot. to Dismiss* at 8–9, Dkt. 7-1, Case No. 2:22-cv-00377-BLW. Finally, Kochava seeks a declaration that its "practice of data collection" is not an "unfair . . . act or practice" under Section 5(a) of the FTC Act. This, of course, was the central thrust of Kochava's Motion to Dismiss the FTC's case.

**MEMORANDUM DECISION AND ORDER - 8**

1096. Here, in contrast, Kochava's requested declaratory relief seeks only to predetermine the strength of its defenses against an anticipated FTC enforcement action.

Exercising jurisdiction over Kochava's preemptive declaratory action would not advance the efficient resolution of the parties' disputes. The FTC filed its anticipated enforcement action less than three weeks after Kochava raced to the courthouse to file this case, and the enforcement action covers each issue raised by Kochava in this case. The Court will therefore decline jurisdiction under the DJA.

## 2.     Injunctive Relief

In Count II of its Complaint, Kochava asks the Court to "enjoin and restrain" the FTC from seeking preliminary and permanent injunctions against it for alleged violations of the FTC Act. *Compl.* ¶ 35, Dkt. 1. But, as the FTC explains, an injunction is a remedy, not a cause of action. *Ajetunmobi v. Clarion Mortg. Capital, Inc.*, 595 F. App'x 680, 684 (9th Cir. 2014). To survive dismissal, then, Kochava must point to some underlying cause of action upon which its request for injunctive relief stands.

The Court finds no such cause of action in the Complaint. At the outset, Kochava's declaration that "[t]he APA is inapplicable" forecloses any potential reliance upon that statute to supply a cause of action. *Compl.* ¶ 1, Dkt. 1. Kochava

cites two other federal laws that ostensibly provide bases for its claims: Section 5(a) of the FTC Act, and the DJA. But neither statute can support Kochava's request for relief in this case. First, as the Ninth Circuit has repeatedly held, Section 5(a) of the FTC Act does not create a private right of action. *See Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981); *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973). That section instead vests remedial power "solely in the Federal Trade Commission." *Dreisbach*, 658 F.2d at 730. Second, as explained above, Kochava's claims for declaratory relief under the DJA will be dismissed because declaratory relief would not serve a useful purpose in resolving the parties' disputes.

Nor may Kochava rely upon its constitutional challenges to satisfy the requirement for a cause of action. It is true that "[c]ourts have long recognized the existence of an implied cause of action through which plaintiffs may seek equitable relief to remedy a constitutional violation." *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020). But that is not what Kochava seeks to do here. Instead, it claims only that its due process rights would be violated "through any administrative

**MEMORANDUM DECISION AND ORDER - 10**

proceeding." *Compl.* ¶¶ 5, 33.i & 36.i.[4] Yet Kochava does not allege that the FTC intends to initiate administrative proceedings against it. Thus, Kochava's request that the Court enjoin the FTC from pursuing an injunction in court is unrelated to its claim that a hypothetical future administrative proceeding would be unconstitutional.

Even if Kochava could identify a cause of action, the Court would dismiss its request for injunctive relief on other grounds. Injunctive relief is a "drastic remedy" that is not available when "the moving party [1] has an adequate remedy at law and [2] will not suffer irreparable injury if denied injunctive relief." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 499 (1974)) (brackets added).

Here, Kochava has an adequate remedy at law because it can seek dismissal of, and otherwise directly defend against, the FTC's enforcement action. Indeed, it has done exactly that, raising precisely the same arguments as articulated in its Complaint. *Mot. to Dismiss*, Dkt. 7, Case No. 2:22-cv-00377-BLW. Federal courts

---

[4] It is possible that when Kochava used the term "administrative proceeding" in the Complaint, it was referring to the FTC's enforcement action in this Court, not to some hypothetical future intra-agency proceeding. But that interpretation would contradict Kochava's own statement that, in this case, "the FTC chose not to initiate an administrative proceeding but instead filed a lawsuit against Kochava." *Pl.'s Resp.* at 15, Dkt. 13; *see also Compl.* ¶ 1, Dkt. 1 (the FTC's lawsuit "invokes judicial as opposed to administrative process").

have often held that injunctive relief is inappropriate where, as here, a party can obtain the same result by simply defending against an agency's pending enforcement action. *See, e.g., Morgan Drexen, Inc.*, 979 F.Supp.2d at 116 ("[W]here a pending enforcement action provides [the plaintiff] an adequate opportunity to raise its constitutional challenge without subjecting it to irreparable harm, . . . injunctive relief is plainly inappropriate."); *Gravity Defyer Medical Tech. Corp. v. F.T.C.*, No. 22-1157 (RDM), 2023 WL 2571758, at *4 (D.D.C Mar. 20, 2023); *see also F.T.C. v. Am. Vehicle Prot. Corp.*, No. 22-CV-60298-RAR, 2022 WL 14638465, at *5 (S.D. Fla. Oct. 25, 2022).

In sum, Kochava has not identified any viable cause of action supporting its request for injunctive relief. Additionally, Kochava has not alleged that it lacks an adequate remedy at law; indeed, it does have an adequate remedy because it can simply defend against the FTC's pending enforcement action. Kochava therefore has not stated a claim "upon which [injunctive] relief can be granted." Fed. R. Civ. P. 12(b)(6).[5]

---

[5] In its Complaint, Kochava also stated that the outcome of a then-pending U.S. Supreme Court case, *Axon Enterprise, Inc. v. F.T.C.*, would "have a direct impact on the propriety of a portion of the instant matter." *Compl.* ¶ 4, Dkt. 1. In the meantime, the Supreme Court issued a decision in that case. But the decision is not relevant to the question of whether Kochava's case should be dismissed. In *Axon*, the Court held only that the judicial review provisions of the FTC (Continued)

## ORDER

**IT IS ORDERED that** the FTC's Motion to Dismiss (Dkt. 12) is

**GRANTED without leave to amend**. This case is dismissed.

DATED: May 3, 2023

B. Lynn Winmill
U.S. District Court Judge

---

Act and Securities and Exchange Act do not displace a district court's federal-question
jurisdiction over constitutional challenges to the structure or existence of the FTC or SEC. 598
U. S. ____ (2023) (slip op. at 2). As explained in this Memorandum Decision and Order,
however, this Court's dismissal of Kochava's Complaint has nothing to do with the judicial
review provisions of the FTC Act.

MEMORANDUM DECISION AND ORDER - 13